# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2799

_____

John Jay,                                        *
                                                 *
    Plaintiff - Appellant,           *
                                                 *   Appeal from the United States
v.                                               *   District Court for the
                                                 *   Southern District of Iowa.
AT&T Corp.; Lucent                               *
Technologies, Inc.,                              *   **[UNPUBLISHED]**
                                                 *
    Defendants - Appellees.          *

_____

Submitted:  April 23, 1999

Filed:  July 16, 1999

_____

Before WOLLMAN and LOKEN, Circuit Judges, and JACKSON,[*] District Judge.

_____

PER CURIAM.

    AT&T hired John Jay in June 1995 as a Customer Systems Engineer. At that time the collective bargaining agreement between AT&T and Local 7101 of the Communication Workers of America had expired. A new collective bargaining agreement was signed later that year and made retroactive to May 28, 1995. Article 15 of the new agreement, like the expired agreement, permitted AT&T to hire new

_____

[*]The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri, sitting by designation.

employees at starting rates above the collectively bargained minimum rates "due to employment market conditions," provided that similarly situated incumbents in their first year of employ received equivalent adjustments. AT&T adopted a Wage Credit Policy to govern its use of this authority.

In December 1995, the union filed a grievance on Jay's behalf claiming that AT&T violated Article 15 of the collective bargaining agreement by not granting him a starting wage adjustment. On July 15, 1996, AT&T denied the grievance at Step 3 of the collectively bargained grievance process. The union did not take the grievance to arbitration, the binding remedy specified in the collective bargaining agreement.

On June 18, 1997, Jay filed this action in state court, alleging that AT&T had breached an oral promise to pay him a starting rate adjustment upon which he relied in accepting AT&T's offer of employment. AT&T removed the action to federal court. The district court[1] granted summary judgment to AT&T, concluding that removal was proper because Jay's state law claim is completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that Jay's claim is time-barred by § 301's six-month statute of limitations. See Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-72 (1983). Jay appeals. After careful review of the record, we affirm for the reasons stated by the district court.

Although Jay attempts to avoid federal preemption by asserting a state law claim for breach of an oral contract that was independent of the collective bargaining agreement, his prior grievance was expressly premised on the collective bargaining agreement. Moreover, the freedom of an employer to negotiate separate wage rates with employees within the bargaining unit is of intense interest to the employees' collective bargaining representative. Any claim premised on such an alleged side

_____

[1]The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa.

agreement will invariably require interpretation of the collective bargaining agreement to resolve. See Vacca v. Viacom Broadcasting of Missouri, Inc., 875 F.2d 1337, 1342-43 (8th Cir. 1989). Finally, as the district court reasoned, Jay's claim is time-barred because the six-month federal statute of limitations begins to run when the grievance procedure is exhausted or breaks down, in this case on September 13, 1996, the last day the union could have taken Jay's grievance to arbitration.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.